ILLINOIS EMERGENCY RELIEF COMMISSION, No. 27.

FRANCES ALLEN, Claimant, *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed October 12, 1937.*

784

ADVISORY OPINION BY MR. JUSTICE YANTIS.

*To the Illinois Emergency Relief Commission:*

Pursuant to your request for an Advisory Opinion, based upon the attached statement of facts submitted by you in the matter of the claim of *Frances Allen* vs. *Illinois Emergency Relief Commission,* the following Opinion is rendered, based upon the aforementioned statement:

We find that Frances Allen was employed by the Illinois Emergency Relief Commission as a case worker on the 12th day of May, A. D. 1934; that as she entered the Relief Offices at 1701 String Street, Chicago, Illinois, on the morning of that date, one Andrew Guerriero, a relief client of that Office, approached from the rear and struck her across the neck with a razor, causing a deep laceration eight inches long, penetrating the muscles down to the bone; another severe laceration across the face piercing through the nostrils, the septum of the nose, and laying the nose almost backward on the victim's forehead; another laceration on the right cheek about three and one-half inches long transverse across the level of the angle of the mouth. Another wound about two and one-half inches in length and about four inches above the wrist was inflicted across the right forearm, with cuts on the ring finger of the right hand. Claimant's assailant was speedily brought to trial in the Criminal Court of Cook County, was found guilty of assault with intent to kill and sentenced from one to fourteen years in the penitentiary.

Immediately after the assault the patient was removed to the Presbyterian Hospital and placed under the care of Dr. Edwin M. Miller, as surgeon, and Dr. Frederick B. Moorehead, a specialist in plastic surgery. It appears that the surgeons' bills and the hospital bill have been paid, in the sum of Five Hundred Fifty-two and 85/100 ($552.85) Dollars. Subsequent to such treatment, claimant moved to Fort Worth, Texas, where she has been under the care of Dr. E. P. Hall, to whom she has heretofore paid the sum of One Hundred ($100.00) Dollars. An Opinion by Arbitrators Johannsen and Lisack, of the Illinois Industrial Commission, appearing in the record indicates their view that the scars on claimant's neck, chin and cheek were permanent and that under the rules and practice of the Commission, a person in claimant's walk of life would be entitled to Two Hundred Fifty ($250.00) Dollars as a result of such scars.

It further appears that the injury to claimant's arm has not fully healed and has left her with limited motion in the right forearm and wrist, according to the statements by Dr. Hall. That in addition to this, she suffers more or less continuous pain in the right hand and same tires easily.

From a consideration of the entire record we believe your Commission would be entirely justified in allowing claimant

reimbursement for the One Hundred ($100.00) Dollars heretofore expended by her, for additional medical services in care necessitated by such accident. The description of the disfigurations to claimant's face and neck fully justify an award of Two Hundred Fifty ($250.00) Dollars. While the record is somewhat meager as to the percentage of lost motion and use of claimant's right arm, such record indicates a partial permanent loss of use of such right arm at an estimated figure of fifteen (15) per cent.

We are therefore of the opinion that your Commission is fully justified and may properly make settlement with claimant for an adjustment of all her claims in connection with said accident, in the sum of Eight Hundred Fifty ($850.00) Dollars, which sum it appears that claimant, on advice of Counsel, has offered to accept in full settlement of her injuries. Such settlement if made should be made payable out of any funds held by the Commission and allocated for such purpose, and should be conditional upon the dismissal of the claim now pending in this court under the title of *Frances Allen* vs. *State of Illinois*, C. of C., No. 2667.